## JOHN GUNNISON, *Adm'r of Estate of* JOSEPH D. SADDLER, *versus* JOHN W. LANE.

In a suit brought by an administrator of an estate, one, interested therein as an heir, is a competent witness, by the provisions of the statute admitting parties and persons interested to testify.

EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

This action was tried at April term, 1858. At the trial, the plaintiff offered *John Saddler*, the father and sole heir of the intestate, as a witness. The defendant objected to his admission, on the ground that the provisions of the statute, admitting parties and other persons interested as witnesses, do not apply to any cases where the party prosecuting, or the party defending, is an executor or an administrator. R. S., c. 82, § 83. And it was contended that, this being a case in which the plaintiff is an administrator, these provisions of

the statute could not apply to it, and no person interested could be admitted as a witness.

But the presiding Judge ruled that the word "cases," in the statute, § 83, is not synonymous with the word "suits," in § § 78 and 79; but it is restricted in its signification to the particular question of the admissibility of any witness offered.

The witness was permitted to testify; and the defendant filed exceptions.

*Swazey,* in support of the exceptions, argued that the witness was not rendered competent by the provisions of the recent statutes of this State.

By the statute of 1855, c. 181, § 1, it was enacted that witnesses should not be excluded on account of *interest.* By the second section, it was provided that the first section should not apply to *parties.*

The statute of 1856, c. 266, made *parties* witnesses.

By "the repealing Act" of 1857, both these statutes were repealed; and, until the repeal of the statute of 1855, an *interested witness,* in a case prosecuted or defended by an administrator or executor, was rendered competent, by the provisions of that statute.

The only statute that we now have, changing the common law in this particular, is the R. S. of 1857, c. 82, § § 78 to 83, inclusive.

The 78th section provides for the admissibility of parties and other interested witnesses to testify.

The 83d section excludes the application of any of the provisions of the 78th section, to cases prosecuted or defended by executors or administrators.

In this case, the plaintiff is administrator. The language of the 83d section is explicit and unambiguous. It admits of no construction, and, upon principle, needs none. It excludes all persons from being witnesses, who are interested as parties or otherwise, in actions like this. There are, obviously, good reasons for this exclusion. If an administrator, as a *party* plaintiff in an action, cannot be a witness, or the

defendant, there are good and sufficient reasons why the heir of the intestate should not be.

If this section of the statute admitted of any construction, none could be given to it so as to render the witness admissible, without doing violence to the language used.

It is always to be supposed that the Legislature intended the most reasonable and beneficial construction of their acts, when the design of them is not apparent.

The Court has no right, in construing a statute, to modify language clear and intelligible. The natural import of the words of a legislative Act, according to the common use of them, is to be considered as expressing the intention of the Legislature. The language of a statute is not to be enlarged or limited by construction, unless its object and plain meaning require it.

This statute is in derogation of the common law; and all such statutes are to be construed strictly. This is an established rule.

*Gerry,* for plaintiff, contended that the word *cases,* in § 83, means and is used in the sense of parties or instances. The whole section relates to parties. The latter clause of the same section clearly indicates that the construction, contended for by defendant, is erroneous and would be very unjust. If adopted, the testimony of interested witnesses could not be used in any event, while that of parties might be. The latter clause of the section provides that the deposition of a party, that has been taken, may be used after his death, if the opposite party is still alive. In this case, if the deposition of Saddler, deceased, had been taken before his death, it could be used in this case, because the opposite party is still alive. But, if the construction contended for by the defendant's counsel obtains, neither the deposition, no matter when taken, nor the witness, could be admitted in the case.

The COURT *sustained the ruling* of the Judge at *Nisi Prius,* and *overruled the exceptions.*