JAMES H. EACOTT, EXECUTOR,

Appellant from decree of Judge of Probate.

Sagadahoc.    Opinion November 23, 1901.

*Probate.    Account.    Debts.    Witness.    Practice.*

1.  When in settling his accounts in the probate court an executor claims credit for a sum as paid upon a debt due from the estate, the burden is upon him to prove that such sum was legally due from the estate.

2.  The alleged creditor is a competent witness for the executor to prove that the money so paid him was legally due him from the estate, and he may testify like any other witness to matters happening before the death of the testator.

3.  When there is any evidence tending to show that the claim upon which the money was paid was a valid claim against the estate, the finding of a single justice in favor of such claim will not be reviewed by the law court, no matter what may be the preponderance of the evidence against the finding.

On exceptions by legatee.    Overruled.

Appeal from probate court, Sagadahoc county, heard in this court below upon the allowance of a claim against the estate of Mary E. Ayer.    The bill of exceptions state:

Mary E. Ayer was a widow.    Her estate consisted of chattels worth ten dollars and a house and lot which her executor sold under probate license for one thousand dollars.

Her will, which was admitted to probate on the first Tuesday of October, A. D. 1896, gave two hundred dollars to her daughter and half the residue of her estate to her son, Horace G. Ayer.    It gave the other half of the residue to her step-son, Marcellus Ayer, "but upon the following condition, to wit: that he pay all debts

due from me at my decease, also my funeral charges and expenses of administration, and care for me during the time I may live, including physicians' bills and bills for necessary nursing."

The executor filed his first and final account in the probate court in February, A. D. 1900, and Marcellus Ayer appeared and presented objections. Upon a hearing, the judge of probate made his decree on the account March 13, 1900, charging the executor with $1040.33, which included $30 as rent of real estate; and allowing items in his favor aggregating $406.36, which included the legacy to the daughter; and ordered distribution of the balance to be paid to the legatees, as follows: To Horace G. Ayer, $420.17; to Marcellus Ayer, $213.80.

From this decree the executor appealed, alleging the following reasons: "Because the said executor was charged with the sum of $30, the same being for rents collected by him, accruing after the death of the testatrix.

"Because the claim of $212.89, presented by Horace G. Ayer and paid by said executor, disallowed by said decree."

The $212.89 was the aggregate of thirteen debts which Horace G. Ayer had contracted in his own name and paid in the lifetime of the testatrix and while he was living with his family in her house, above mentioned. These debts were for labor and materials employed in making alterations and repairs in said house. It was claimed by the executor and denied by Marcellus Ayer that the testatrix owed Horace the $212.89 at the time of her decease.

The letter from Horace G. Ayer, offered in evidence by Marcellus, was admitted to be genuine.

Marcellus Ayer claimed: 1. That the deposition of Horace G. Ayer offered by the appellant after the letter was introduced, was inadmissible, because the deponent was not a competent witness to testify to facts prior to the death of the testatrix in support of the claim for the $212.89.

2. That the facts stated in the deposition, even if proved, did not legally warrant the allowance of the $212.89 to the executor.

3. That the admissible evidence in this case did not show facts

on which a promise from the testatrix to Horace to pay the $212.89 could be implied by law.

4.   That said evidence did not legally warrant a finding that she made such promise in fact.   The appellant did not claim a promise in fact, but that there was a request from which a promise should be implied.

The presiding justice overruled these several contentions of Marcellus Ayer, and made his decree accordingly.   To all these rulings adverse to his contentions and to the decree on the appeal, for the reasons above specified, Marcellus Ayer took exceptions.

*H. E. Coolidge and H. W. Oakes,* for executor.

*Weston Thompson,* for Marcellus Ayer, legatee.

Horace did not expect his mother to pay.   *Shepherd* v. *Young,* 8 Gray, 152.   The personal assets and avails of real estate sold under license were chargeable to Eacott in his account.   He remains liable for them until released by the court.   It is not enough for him to show that he has paid the claim.   The burden is on him to show its legal validity.   *Brewster* v. *Demarest,* 48 N. J. Eq. 559; *Pearson* v. *Darrington,* 32 Ala. 227 ; *Jones* v. *Ward,* 10 Yerg. 160; *Appeal of Romig,* 84 Penn. St. 235.   Eacott must show that the claim could have been legally enforced against the estate by Horace.   *Richardson* v. *Merrill,* 32 Vt. 27 ; *Stark* v. *Hunton,* 3 N. J. Eq. 300.   Administrator who allows an unjust claim is personally liable therefor, and if he pays it, the money, as to the heir, is still in his hands.   *Davis* v. *Bagley,* 40 Ga. 181, (2 Am. Rep. 570) ; *Jones* v. *Ward,* 10 Yerg. 160.   It was not necessary to pay the item before presenting it in the account.   An executor who pays a claim before its allowance by the court does so at his peril; takes upon himself the burden of proving its validity.

It was Eacott's duty to defend the estate.   He could not pay claims not judicially approved and could not dispense with proof or bind the estate by admissions.   *Saunders* v. *Haughton,* 8 Iredell's Eq. 217, (57 Am. Dec. 581).   It was his duty to protect the estate by interposing every legal defense.   The average man

would thus protect his own estate. If he had been sued and worsted, he would have been protected. R. S., c. 63, § 32. He could have procured the appointment of commissioners to pass upon this claim. R. S., c. 64, § 53. He could have consulted Marcellus, at whose expense it would be paid. He could have consulted Horace who, when not influenced, admitted the claim to be groundless. He could have required the claim to be presented in writing, supported by affidavit. R. S., c. 64, § 62.

If it be said that the judge found as a fact that Mrs. Ayer did engage to pay this claim and that his findings are conclusive, we answer: (1) That the decree finds a promise implied by law and not an express one. It was not claimed that there was an express promise. Whether the law will imply a promise is a question of law. (2) The judge based the implication of a promise on facts found by him on evidence not legally admissible, and with the aid of a presumption as of law which is not warranted by the authorities, or by sound legal reasoning.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, POWERS, JJ.

EMERY, J. Mr. Eacott, executor of the will of Mrs. Ayer, deceased, paid $212.89 out of her estate to Horace G. Ayer, as a debt due him from Mrs. Ayer for moneys laid out and expended for her benefit at her request. The judge of probate refused to allow this item to the credit of the executor, and he appealed to the Supreme Court of Probate. In the appellate court the executor offered the deposition of Horace G. Ayer, to whom he had paid the money, containing his testimony as to facts happening before the death of the testatrix tending to show the validity of his claim for the $212.89 against her and her estate. The appellee, Mr. Marcellus Ayer one of the residuary legatees, objected to the competency of the witness to testify to such facts after the death of the testatrix. The court ruled that the witness was competent to testify to such facts, and the appellee excepted.

This is not a case between the executor representing the deceased

testatrix, and a person setting up a claim or defense antagonistic to the testatrix or her estate. It is merely a case between Mr. Eacott and Mr. Marcellus Ayer, each contending solely for his own personal interests. The loss or gain by the decree will be the personal loss or gain of one or the other, and not the loss or gain of the estate. The case is, therefore, not within the statutory exception from the general statute making parties and interested persons competent witnesses. R. S., c. 82, § 98; *Gunnison* v. *Lane,* 45 Maine 165; *Nash* v. *Reed,* 46 Maine, 168; *Millay* v. *Wiley,* 46 Maine, 230; *Rawson* v. *Knight,* 73 Maine, 340. Mr. Horace G. Ayer was, therefore, a competent witness, and his deposition was admissible.

It seems that the executor paid the claim of Horace G. Ayer upon his own judgment without having it passed upon by the court or by commissioners. The burden was, therefore, upon him in settling his account to prove affirmatively that the claim so paid was actually due from the estate. The appellee contended that all the evidence, including the deposition, did not sustain the executor's burden of proof; but the court ruled against him, and found the claim to have been a valid debt against the estate and therefore to be allowed in the executor's account. The appellee excepted to this ruling and finding.

This exception, of course, can only raise the question whether there was any evidence upon which the ruling and finding could be based. If there was any such evidence, its sufficiency was a question of fact upon which the finding of the court is conclusive, not to be reviewed by the law court. *Hazen* v. *Jones,* 68 Maine, 343; *Brooks* v. *Libby,* 89 Maine, 151; *Pettengill* v. *Shoenbar,* 84 Maine, 104. Horace G. Ayer testified in his deposition,—that he paid out the money for necessary repairs upon the dwelling-house of the testatrix, at her request,—that she said to him the repairs were needed, and she had no money, and that, if he would make the repairs, he might have the place after her death by giving his sister two hundred dollars. He accordingly paid for the repairs, but she did not devise the house to him. If this testimony is true there can be inferred a promise by the testatrix to reimburse him,

The appellee, nevertheless, stoutly insists that this testimony is not true,—that it is completely destroyed by the admissions of Horace and the other evidence in the case. Whether the testimony quoted was true, or not, was a question solely for the court hearing the case. Its decision of that question cannot be reviewed by the law court. See cases cited supra.

*Exceptions overruled.*